■ GREASY SPOON INC., Doing Business as WEST SIDE STO-REY, v JEFFERSON TOWERS, INC., et al.—Motion (1) denied wherein it seeks reargument of the order of this court entered on May 25, 1989 (150 AD2d 990), and (2) granted wherein it seeks leave to appeal to Court of Appeals upon the basis of the following memorandum decision:

The parties' lease includes a provision that plaintiff not permit any cooking odors or loud noise to emanate from its

restaurant, violation of which is to be deemed a material and substantial breach of the lease. The lease also permits the use of the adjacent sidewalk as a sidewalk cafe. In September 1979, defendant landlord gave plaintiff notice of its intent to terminate the lease on the ground that objectionable noise and odors were emanating from the restaurant. The subsequent proceeding to recover the premises resulted in a June 1980 stipulation of settlement in which it was agreed that defendant had properly terminated the lease, and that plaintiff would abate all of the objectionable conditions. In August 1981, plaintiff submitted its plans to defendant to enclose the sidewalk cafe. The noise and odor problems apparently persisted and, on October 26, 1981, the parties entered into a supplementary stipulation setting forth a 90-day schedule for plaintiff to take corrective action. Defendant further agreed that, notwithstanding the fact that it had not yet reinstated the lease, it would simultaneously execute the necessary forms consenting to plaintiff's erection of the sidewalk cafe.

Despite our affirmance of the judgment granting plaintiff specific performance under article 56 of the lease and paragraph 11 of the supplementary stipulation of settlement and awarding plaintiff damages of $1.5 million, we are of the opinion that there are questions of law presented which warrant further review, including, *inter alia,* whether plaintiff's compliance with the terms of the lease regarding noise and odors was a condition precedent to defendant's compliance with the terms of the supplementary stipulation of settlement. Concur—Kupferman, J. P., Carro, Asch, Ellerin and Smith, JJ.